UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MANUEL AQUINO,

                      Petitioner,

-against-

                                  13-cr-536 (PKC)
                                  16-cv-4673 (PKC)
                                  16-cv-5229 (PKC)

                                          OPINION
                                       AND ORDER

UNITED STATES OF AMERICA,

                      Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Defendant Manuel Aquino was sentenced by the late Judge Duffy on May 27, 2015 to principally 30 months imprisonment on a Hobbs Act conspiracy (Count Two) and 60 months for possession and use of a firearm in the course of a crime of violence and a drug trafficking crime (Count Three), with the terms imposed on Counts Two and Three to run consecutively for a total of 90 months imprisonment. (United States v. Aquino, No. 13-cr-536 (KTD) (Doc. 88)).

On June 20, 2016, Aquino filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Aquino, No. 13-cr-536 (PKC) (Doc. 97)). He argued that the his conviction, and resulting mandatory sentence, on Count Three was premised upon the Hobbs Act conspiracy qualifying as a "crime of violence" under the residual clause of section 924(c) of title 18 and that the application of the residual clause in this case was unconstitutionally vague under the reasoning of Johnson v. United States, 135 S. Ct. 2551 (2015). Aquino's motion has been the subject of judicial stays pending decisions of appellate courts. (Orders of June 8, 2016, Sept. 4, 2018; Oct. 11. 2018; Apr. 24, 2019 (Docs. 98, 107, 109, 111)). He is now represented by

counsel from the Federal Defenders Service and has submitted an updated argument on his motion to vacate. (Doc. 118).

After its decision in United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court remanded a decision of the Second Circuit holding that a defendant's Hobbs Act robbery conspiracy conviction qualifies as a section 924(c)(3) crime of violence under the statute's residual clause, subdivision 924(c)(3)(B). Barrett v. United States, 139 S. Ct. 2774 (2019), vacating and remanding United States v. Barrett, 903 F.3d 166 (2d Cir. 2018). On remand, the Second Circuit held that "the Hobbs Act robbery *conspiracy* must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which Davis has now pronounced unconstitutionally vague." United States v. Barrett, 937 F.3d 126, 128 (2d Cir. 2019) ("Barrett II").

The essence of Aquino's present argument is that, for reasons explained in Barrett II, section 924(c)(3)(B), the residual clause definition of a "crime of violence," is unconstitutionally vague as applied and that Aquino's Hobbs Act robbery conspiracy conviction cannot serve as a basis for a conviction under section 924(c).

The government first asserts that Aquino's argument is procedurally defaulted because he failed to raise it on direct appeal. Aquino was sentenced, upon a plea of guilty, on May 27, 2015 and judgment was filed on June 1, 2015. (Docs. 88, 91). Aquino had 14 days from the date of entry of judgment to file a notice of appeal. Rule 4(b)(1)(A)(i), Fed. R. App. P. He did not file a notice of appeal and his time to do so expired before Johnson v. United States was decided on June 26, 2015. Johnson foreshadowed Davis as is evident from Aquino's June 20, 2016 pro se

motion, which relied on Johnson and correctly predicted the Supreme Court's ruling in Davis, three years before that case was decided.[1]

The government argues that Aquino's failure to appeal his conviction on the grounds of a Johnson-type vagueness challenge forecloses the current motion. The failure to raise a vagueness challenge to Count Three on direct appeal means that this motion will be procedural defaulted unless Aquino "can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted).

Aquino satisfies the cause requirement because, prior to Johnson, Davis, and Barrett II, "Second Circuit caselaw at the time of [Aquino's] direct appeal foreclosed his § 924(c) argument." Camacho v. United States, No. 13-cr-58 (AKH), 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019); Vilar v. United States, No. 16-cv-5283 (CS), 2020 WL 85505, at *1 (S.D.N.Y. Jan. 3, 2020) ("In the absence of any indication that Davis (or its predecessors Sessions v. Dimaya or Johnson v. United States) was even close to anybody's radar screen in 1997 or 1998, I will assume that the claim here is so novel that it was not reasonably available to counsel at the time." (internal citations omitted)); see also Reed v. Ross, 468 U.S. 1, 17 (1984). Accordingly, the Court finds that the Aquino has demonstrated the requisite cause.

Aquino demonstrates prejudice as he was convicted and sentenced under a statute subsequently deemed unconstitutionally vague by the Supreme Court. See Camacho, 2019 WL 3838395, at *2. The Court finds that that there was no procedural default in failing to raise a Johnson-type argument before Johnson was decided.

---

[1] True, in the immediate aftermath of Johnson, Aquino could have filed a motion for an extension of time to appeal, even after his time to appeal had expired, showing excusable neglect or good cause. Rule 4(b)(4), Fed. R. App. P. In the absence of any precedent cited by the government, the Court declines to rule that a procedural default occurs when a defendant fails to make a motion to extend the time to appeal after it has expired.

Second, the government argues that Aquino's conviction on Count Three is supported by an independent and alternate ground under section 924(c)(1)(A). Specifically, section 924(c)(1)(A) applies to "any crime of violence or drug trafficking crime" with "drug trafficking crime" defined under section 924(c)(2) to include any felony punishable under one of three statutes. Count Three charges Aquino with possession and use of a firearm during and in furtherance of the drug trafficking conspiracy charged in Count One and the Hobbs Act robbery conspiracy charged in Count Two. The government asserts that if the Hobbs Act conspiracy cannot serve as a "crime of violence" under the residual clause of section 924(c)(3)(B) and thereby support Aquino's conviction on Count Three, then the conspiracy to distribute a controlled substance, charged in Count One, is a "drug trafficking crime" as defined under section 924(c)(2) and is sufficient to support the conviction in Count Three.

The problem with the government's theory is that Aquino did not admit or allocute to possession and use of a firearm in furtherance of a drug trafficking crime. During Aquino's plea allocution, Magistrate Judge Fox, who presided, asked the government to set forth the elements of the crimes charged in both Count Two and Three of the Indictment. With respect to Count Three, the government responded as follows:

> The defendant is charged in Count Three of the indictment with using and carrying a firearm during and in relation to a crime of violence, in violation of Title 18 United States Code § 924(b)(1)(A)(1). To prove this offense, the government would establish at trial each of the following elements beyond a reasonable doubt: first, the defendant committed a crime of violence for which he could be prosecuted in a court of the United States, specifically, the Hobbs Act robbery conspiracy charged in Count Two of the indictment; and, second, that the defendant knowingly used or carried a firearm during and in relation to the commission of, or knowingly possessed a firearm in furtherance of, the Hobbs Act robbery conspiracy charged in Count Two.

(Plea Tr. 13:11–23 (Doc. 32)). No mention was made of the use of a firearm in furtherance of the drug conspiracy.[2] Aquino's admission was more than sufficient to acknowledge his participation in the Hobbs Act conspiracy as well as the possession and use of a gun was in furtherance of that conspiracy. However, if Count Three is predicated on a narcotics conspiracy, Aquino's admission is insufficient to establish the requisite elements. Specifically, Aquino allocuted as follows:

> THE DEFENDANT: In 2013, I had an agreement with other people to rob a drug dealer. This took place at Manhattan. A gun was to be used to commit the robbery. I knew what I did was illegal.
>
> THE COURT: The robbery that you described occurring in 2013, or the agreement, rather, to commit a robbery in 2013 that you just discussed, what was to be taken from the person you identified as a drug dealer in the course of the robbery that was the subject of your agreement?
>
> THE DEFENDANT: We were supposed to take drugs from the drug dealer.
>
> THE COURT: Anything else?
>
> THE DEFENDANT: Not at this moment.
>
> THE COURT: When you indicated a few moments ago that a gun was used in connection with the robbery about which you were speaking, were you the person using the gun, or was someone else using the gun?
>
> THE DEFENDANT: Someone else.

The allocution lacks any mention of the quantity or type of the drugs or whether Aquino's intention in robbing the drug dealers was to sell or, instead, to use the seized drugs for personal purposes. The Court concludes that Aquino's plea allocution is insufficient to support a plea to possessing a gun in furtherance of an agreement with others to distribute, or possess with the intent to distribute, a controlled substance.

The conviction on Count Three is Vacated. There will be a conference with respect to further proceedings on June 5, 2020 at 2 p.m. in Courtroom 11D. The government shall state its intentions on or before May 4, 2020 and, within 14 days thereafter, defense

---

[2] The Magistrate Judge had previously noted that the crime charged in Count Three encompassed the possession and use of a firearm in furtherance of the narcotics conspiracy and the Hobbs Act conspiracy. (Plea Tr. 8:2–10).

counsel shall state whether the defendant wishes to be physically present or waives his appearance at the June 5 conference.

        SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 13, 2020